**In re Louis J. RIZZO and Anne T. Rizzo, his wife, Individually, and trading as Onyx Cave, Debtors.**

**Louis J. RIZZO and Anne T. Rizzo, his wife, Individually, and trading as Onyx Cave, Plaintiffs,**

v.

**AMERICAN BANK & TRUST CO., Gordon J. Frazer and Dolores C. Frazer, his wife, Defendants.**

**Bankruptcy No. 83–02408 T.**

**Adv. No. 84–0178.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 30, 1984.

Eugene Orlando, Reading, Pa., for plaintiffs.

Ralph J. Althouse, Jr., Reading, Pa., for American Bank and The Frazers.

MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiffs/debtors have filed a complaint which essentially seeks enforcement of a prior Order of this Court, which was based upon a stipulation among the parties.[1]

The debtors were the owners of two parcels of real property. Defendant American Bank and Trust Company of Pennsylvania

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

("Bank") held a first judgment lien against one of the parcels. Defendant Gordon J. Frazer ("Frazer") held a judgment lien against the other parcel. Frazer's judgment lien resulted from his having confessed judgment in state court on the bond and warrant which accompanied his first mortgage on the property. Both the Bank and Frazer had issued writs of execution on their judgments. However, their execution proceedings were stayed by the debtors' Chapter 7 bankruptcy filing on June 8, 1983. The debtors claimed an exemption of $3,000.00 in the parcel subject to the Bank's lien ("Bank property") and an exemption of $8,000.00 in the parcel subject to Frazer's lien ("Frazer property").

In settlement of various proceedings in our Court among the parties, the description of which is not necessary to our decision today, the parties entered into a stipulation. The parties agreed that the aforementioned judgment liens of the Bank and Frazer were judicial liens for purposes of 11 U.S.C. § 522(f)(1). They also agreed to the avoidance of said liens pursuant to 11 U.S.C. § 522(f)(1) to the extent that they impaired the debtors' exemptions in their real property. They further stipulated that "to the extent of said exemption amounts, Debtors retain an interest in said property or in the proceeds therefrom."

The stipulation also provided:
"Subject only to the terms and conditions of this Stipulation, Debtors hereby agree that the automatic stay pursuant to 11 U.S.C., Section 362, shall be lifted as to Frazer and Bank, and Frazer and Bank may proceed on the executions referred to above."

The stipulation further provided that the parties "hereby agree that an order shall be entered, confirming the agreements of the parties as set forth herein...."

Pursuant to the stipulation, we entered our Order of November 8, 1983, the body of which states in its entirety:

"AND NOW, this 8th day of November, 1983, in consideration of the attached Stipulation, it is hereby ORDERED and DECREED that the Stipulation attached hereto is incorporated herein by reference and made the order of this Court. The judicial liens of American Bank & Trust Co. of Pa., filed to the Court of Common Pleas of Berks County, Pennsylvania, to No. 429 August, 1979 J.D., and the judicial lien of Gordon J. Frazer and Dolores C. Frazer, filed in the Court of Common Pleas of Berks County, Pennsylvania, to No. 447 March, 1983, are hereby avoided to the extent that they impair Debtors' exemptions in property, and to the extent of said exemptions, Debtors shall retain an interest in said property or the proceeds therefrom. It is further ORDERED and DECREED that, subject only to Debtors' exemption as set forth herein, the automatic stay pursuant to 11 U.S.C., Section 362, is hereby lifted, and American Bank & Trust Co. of Pa. and Gordon J. Frazer and Dolores C. Frazer are hereby authorized to proceed with execution on said property at the sale scheduled for November 10, 1983." [2]

As contemplated in our Order, Sheriff's Sales were held on November 10, 1983 as to both the Bank property and the Frazer property. The Bank property was sold to the Bank, the lone bidder, for $10.00. The Frazer property was sold to Frazer, the lone bidder, for $10.00 also. Neither the debtors nor their counsel was present at either Sheriff's Sale. The Bank and Frazer have been and are represented by the same counsel. It is undisputed that at the time of the execution of the aforementioned stip-

2. All parties agree that Dolores C. Frazer, the wife of Gordon J. Frazer, has never had any lien against the debtors' real property and that state- ments to the contrary in the stipulation and Order are erroneous and should be disregarded.

ulation, counsel for the Bank and Frazer had actual knowledge that neither the debtors nor debtors' counsel intended to appear at the Sheriff's Sales on November 10, 1983. As a result of the Sheriff's Sales, the Bank and Frazer received title to their respective parcels of property. Subsequently, notwithstanding the stipulation and Order of November 8, 1983, the Bank and Frazer took the position that the debtors no longer had any interest in their respective properties nor any rights with regard thereto.

The debtors thereafter filed their present complaint. The gravamen of the complaint is that, pursuant to the stipulation and Order of November 8, 1983, the lifting of the automatic stay and consequent Sheriff's Sales were expressly conditioned upon the debtors' retention of an interest in both properties to the extent of the amount of the debtors' exemptions therein: $3,000.00 in the Bank property and $8,000.00 in the Frazer property. Therefore, the debtors request that we enter an Order declaring that they continue to have a $3,000.00 interest in the Bank property and an $8,000.00 interest in the Frazer property. They further request that we impose an equitable lien in their favor in the amount of $3,000.00 on the Bank property and $8,000.00 on the Frazer property.

The Bank argues that, according to Pennsylvania law, inasmuch as no proceeds were generated from the Sheriff's Sale of the Bank property, there were no proceeds from which the debtors' exemption could be taken and the exemption was forfeited. The Bank further argues that, according to Pennsylvania law, the debtors' exemption interest in the property was divested by the Sheriff's Sale and transfer of title to the Bank and, therefore, no longer exists. In this regard, the Bank cites *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), for the proposition that property interests must be defined by reference to state law. *Butner* held, however, that, in bankruptcy cases, the courts should look to state law to determine a debtor's property interests unless Congress or some other federal interest requires oth-erwise. In the present case, we find that the parties voluntarily and knowingly entered into their stipulation, the obvious purpose of which was to settle their pending litigation by expressly agreeing upon their respective property rights. As specifically requested by the parties, we incorporated the stipulation into our Order of November 8, 1983 and entered an Order entirely consistent with the stipulation. No party claims that our Order is in any way inconsistent with the stipulation. Nor does any party claim that our Order was an improper exercise of our judicial authority. It is axiomatic that we have the inherent judicial authority to interpret and enforce our own Orders. Also see 11 U.S.C. § 105(a). This inherent judicial authority clearly constitutes a sufficient "federal interest" under *Butner, supra,* to require us to determine the debtors' property interests in accordance with our Order of November 8, 1983 rather than by reference to state law. We find that our Order of November 8, 1983 unambiguously supports the debtors' contention that, following the Sheriff's Sales and transfers of titles, the debtors retained an interest of $3,000.00 in the Bank property and $8,000.00 in the Frazer property. Therefore, we must reject the Bank's Pennsylvania law argument.

Frazer makes a different argument from that of the Bank, although Frazer's argument is also based upon Pennsylvania law. Frazer's argument is based upon the fact that he held the first mortgage on the Frazer property. Frazer argues, in essence, that, under Pennsylvania law, its confession of judgment on the bond accompanying the mortgage did not result in a lien against the Frazer property. The mortgage lien, claims Frazer, remained as the only lien held by Frazer against the property. Therefore, continues Frazer, there was no judicial lien to avoid under 11 U.S.C. § 522(f)(1) and the debtors' exemption "cannot displace the lien of a mortgage." Frazer's brief, p. 5. Thus, claims Frazer, the debtors now have no interest in the Frazer property.

In general, Frazer's argument appears tenuous, and we note that he cites no bankruptcy cases other than those which simply hold that a mortgage is not a judicial lien for purposes of 11 U.S.C. § 522(f)(1). We need not consider this argument further, however, because it is irrelevant in the present context. Most strikingly, Frazer's argument conveniently and completely ignores the fact that he expressly agreed in the stipulation that his judgment on the bond was a judicial lien for purposes of 11 U.S.C. § 522(f)(1). Furthermore, our Order of November 8, 1983 expressly found it to be so. Frazer has never, either timely or otherwise, appealed that Order or asked us to reconsider it. Also, the bargained-for agreement of the parties, as evidenced by the stipulation and Order, was obviously premised on the judgment on the bond being a judicial lien under 11 U.S.C. § 522(f)(1). There is also no doubt that the Sheriff's Sale on the Frazer property was conducted pursuant to the execution on the judgment on the bond and that that Sheriff's Sale was expressly contemplated in the stipulation and Order.

For these reasons, we find that Frazer occupies no better position in the present action than does the Bank, whose defense we have already rejected, *supra*.

For all of the foregoing reasons, we conclude that the debtors continue to have a $3,000.00 interest in the Frazer property and an $8,000.00 interest in the Bank property. Therefore, we shall impose a first lien in their favor in the amount of $3,000.00 against the Bank property and a first lien in their favor in the amount of $8,000.00 against the Frazer property.